UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:02-CR-86 |
| | ) | |
| GLENN MATHIS | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court to consider the defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c), based on Amendment 782 to the United States Sentencing Guidelines, which lowers by two levels the base offense level for many drug offenses and which was made retroactive on November 1, 2014. [Doc. 74]. The United States has filed a response arguing that the defendant is not eligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c) because the defendant's guideline range was based upon his career offender classification, and Amendment 782 does not reduce the career offender guidelines. [Doc. 76]. The government is correct and the motion will be DENIED.

**I.     Facts**

On July 22, 2003, the defendant, Glen Mathis, was found guilty by a jury of all three counts counts of an indictment charging him with conspiracy to distribute and possess with intent to distribute methamphetamine(Count One), possession with the intent to distribute methamphetamine(Count Two) and possession of marijuana(Count Three). To calculate the applicable guidelines range, the probation officer noted that defendant was responsible for 57.3

grams of methamphetamine, which yielded a base offense level of 32. Because defendant had two two prior felony drug convictions, however, he was classified as a career offender with an offense offense level of 34. Defendant had six criminal history points, which would ordinarily result in a a criminal history category of III, but because of his career-offender status, the criminal history became VI. The corresponding guidelines range, based on a total offense level of 34 and criminal history category of VI, was 262 to 327 months' imprisonment.

The defendant objected to his classification as a career offender, arguing that one of his convictions was too old to be considered and that a criminal history category of VI overstated the seriousness of his actual criminal history such that the Court should depart downward from the guidelines range. The Court found that defendant had two qualifying predicate convictions and overruled his objection to the career-offender classification. However, the Court agreed with defendant that a criminal history category of VI substantially over-represented the seriousness of his criminal history and granted a two-category reduction in the criminal history category as well as a two-level reduction in the offense level, resulting in a guidelines range of 168 to 210 months' imprisonment. On February 9, 2004, the defendant was sentenced to 199 months' imprisonment. The defendant is currently scheduled for release from the custody of the Bureau of Prisons on December 25, 2016.

## II. Discussion

Under 18 U.S.C. § 3582(c)(2), a district court has discretion to reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has has subsequently been lowered by the Sentencing Commission." Because the defendant was determined to be a career offender under USSG § 4B1.1(a), the defendant's offense level and

2

criminal history category were both determined by reference to Subsection (b) of that guideline, and and not the quantity of drugs for which he was held accountable. Consequently, the defendant's guideline range has not been lowered as a result of Amendment 782's reduction to the Drug Quantity Quantity Table in § 2D1.1. See, e.g., *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir.2013) Cir.2013) (Court held that previous amendments to drug quantity table did not apply to lower sentence of career offender).

### III. Conclusion

Accordingly, it is hereby **ORDERED** that the defendant's motion for reduction of her sentence is **DENIED.** [Doc. 74]

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE